No. 21-1616

# In the United States Court of Appeals for the Fourth Circuit

_____

THOMAS KRAKAUER, on behalf of a class of persons,
*Plaintiff-Appellee,*

v.

DISH NETWORK LLC,
*Defendant-Appellant.*

_____

On Appeal from the United States District Court
for the Middle District of North Carolina
Case No. 1:14-cv-00333-CCE-JEP
(The Honorable Catherine C. Eagles, District Judge)

_____

**PLAINTIFF-APPELLEE'S REPLY IN SUPPORT
OF MOTION TO DISMISS FOR LACK OF JURISDICTION**

_____

JOHN W. BARRETT
BRIAN A. GLASSER
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
(303) 346-655
*jbarrett@baileyglasser.com*

DEEPAK GUPTA
GREGORY A. BECK
GUPTA WESSLER PLLC
2001 K Street NW, Suite 850 North
Washington, DC 20006
(202) 888-1741
*deepak@guptawessler.com*

November 29, 2021                               *Counsel for Plaintiff-Appellee*

# TABLE OF CONTENTS

Table of authorities .................................................................................................. ii

Introduction .............................................................................................................. 1

Argument .................................................................................................................. 3

    I.     Dish lacks any cognizable interest in the judgment fund
          and therefore lacks standing to appeal. ................................................. 3

    II.    This Court lacks subject-matter jurisdiction over the
          district court's reversion order because Dish did not timely
          appeal that order. .................................................................................... 4

    III.   Dish has not challenged the district court's order denying it
          reversion. ................................................................................................. 9

Conclusion .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Allapattah Services Inc. v. Exxon Corp.*,
    333 F.3d 1248 (11th Cir. 2003) .................................................................. 6

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980) ..................................................................... *passim*

*Brown v. Nucor Corp.*,
    785 F.3d 895 (4th Cir. 2015) .................................................................... 9

*Deloach v. Lorillard Tobacco Co.*,
    391 F.3d 551 (4th Cir. 2004) ................................................................. 7, 8

*Dickinson v. Petroleum Conversion Corp.*,
    338 U.S. 507 (1950) ................................................................................. 8

*Grayson O Co. v. Agadir Int'l LLC*,
    856 F.3d 307, 316 (4th Cir. 2017) ............................................................ 9

*HCA Health Services v. Metropolitan Life Insurance*,
    957 F.2d 120 (4th Cir. 1992) .................................................................... 3

*In re Kirkland*,
    600 F.3d 310 (4th Cir. 2010) .................................................................... 6

*In re Urethane Antitrust Litigation*,
    768 F.3d 1245 (10th Cir. 2014) ................................................................ 6

*James v. Jacobson*,
    6 F.3d 233 (4th Cir. 1993) ........................................................................ 7

*Six (6) Mexican Workers v. Arizona Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) .................................................................. 6

*Tennille v. Western Union Co.*,
    809 F.3d 555 (10th Cir. 2015) .......................................................... 3, 4, 5

*Tweedle v. State Farm Fire & Casualty Co.*,
    527 F.3d 664 (8th Cir. 2008) .................................................................... 8

*United States v. Doe*,
    962 F.3d 139 (4th Cir. 2020) ................................................................................ 8

## INTRODUCTION

After more than seven years of hard-fought litigation, Dish's interest in this case is now at an end. The district court's judgment has been affirmed by this Court, fully paid by Dish, and distributed to the class. The district court has rejected Dish's bid for reversion of remaining unclaimed funds, and the time in which to appeal that decision has long since passed. Dish, in short, no longer has anything to gain from this appeal. As our motion explains, this Court consequently lacks jurisdiction over Dish's appeal, for three reasons—none of which Dish effectively counters.

*First*, Dish lacks standing to appeal the district court's order disposing of class funds. This Court already held that Dish's post-judgment standing is "contingent" on a decision by the district court that Dish is entitled to reversion of unclaimed funds. Order at 2, *Krakauer v. Dish Network, LLC,* No. 20-1077, Dkt. 50 (4th Cir. Dec. 1, 2020). The district court decided that "reversion is not appropriate" and that Dish, as a consequence, has no further "interest in the judgment funds." Dkt. 588 at 1–2. Dish now says, without explanation, that it retains a "colorable claim" for return of the unclaimed funds. But Dish did not appeal the district court's decision within the jurisdictional thirty-day appeal period, so that order is now final. Dish's mere desire for return of the funds is not, in the face of the district court's final order, a "colorable claim." Under the law of the case, Dish thus "lacks standing" to bring this appeal. Order at 2, *Krakauer v. Dish Network, LLC,* No. 20-1077, Dkt. 50 (4th Cir. Dec. 1, 2020).

1

*Second*, this Court lacks subject-matter jurisdiction because Dish did not timely appeal the district court's order denying it reversion and ending its interest in the case. In strikingly similar circumstances, the U.S. Supreme Court held in *Boeing Co. v. Van Gemert* that, when a district court's post-judgment order disposes of "the only issue in which [the defendant] still had an interest" in the unclaimed portion of a judgment fund, the defendant can "secure review" of that issue "only by appealing from this adverse judgment." 444 U.S. 472, 481 n.7 (1980). Dish tries to distinguish *Boeing* (at 23–24) on the ground that it involved allocation of attorneys' fees instead of cy pres, but that factual distinction is immaterial to the Supreme Court's holding. Under *Boeing*, the district court's denial of reversion was a "final judgment" on the only issue in which Dish still had an interest in the case and was thus immediately appealable. *Id.* Dish did not appeal that decision, and it is too late to do so now.

*Third*, even if this Court had jurisdiction to review the district court's order denying reversion of unclaimed funds, Dish has waived any challenge to that order. Dish devotes its brief on appeal to challenging the district court's decision to award cy pres. But although it summarily asks this Court to order reversion, it never disputes the district court's earlier decision that reversion is "not appropriate" as an alternative to either cy pres or federal escheat. Dkt. 588 at 1. Even if it were to prevail on its arguments regarding cy pres, Dish would thus not be entitled to reversion here.

2

For all three reasons, Dish lacks a cognizable interest in this appeal. This Court should therefore dismiss the appeal for lack of jurisdiction.

## ARGUMENT

### I. Dish lacks any cognizable interest in the judgment fund and therefore lacks standing to appeal.

"A party must be 'aggrieved' by a district court judgment or order in order to have standing to appeal." *HCA Health Servs. v. Metro. Life Ins.*, 957 F.2d 120, 123 (4th Cir. 1992). As this Court held in dismissing Dish's first post-judgment appeal, Dish "lack[ed] standing" to appeal the district court's post-judgment orders on unclaimed funds. Order at 2, *Krakauer v. Dish Network, LLC*, No. 20-1077, Dkt. 50 (Dec. 1, 2020). And "Dish's interest" in challenging future orders, this Court explained, was "contingent upon" the "resol[ution] in the district court" of "whether any unclaimed class funds revert to Dish." *Id.*

Given that holding, the district court's resolution of the unclaimed-funds issue against Dish ended its interest in the case. Dkt. 588 at 1–2. After the district court's order, Dish lacked a "legally protected interest … that would be invaded by diminution of that fund." *Tennille v. W. Union Co.*, 809 F.3d 555, 561 (10th Cir. 2015). And, as a consequence, it has "no cognizable interest in further litigation" over the fund's distribution. *Boeing*, 444 U.S. at 481 n.7.

Dish nevertheless contends that it has standing because it somehow retains a "colorable claim for the return of" unclaimed funds. *Boeing*, 444 U.S. at 481 n.7. But

3

that's precisely the problem: Dish no longer has such a colorable claim. The district court ruled out the possibility of reversion more than a year ago, holding that Dish lacked any further "interest in the judgment funds it has already paid and which the Court has decided will not revert to it." Dkt. 588 at 2. And Dish, ignoring that warning, did not timely appeal from that decision. Dish can have no "colorable claim" where the district court's now-final order gave it "no right to the return of excess funds." *Tennille*, 809 F.3d at 562.

In short, under the law of the case, Dish "lacks standing" to bring this appeal. Order at 2, *Krakauer v. Dish Network*, No. 20-1077, Dkt. 50 (4th Cir. Dec. 1, 2020).

## II. This Court lacks subject-matter jurisdiction over the district court's reversion order because Dish did not timely appeal that order.

**A.** Even if Dish were correct that it somehow retains a cognizable interest in the judgment fund, this Court lacks jurisdiction for another reason: Dish failed to timely appeal the district court's order ending its interest in the case.

The Supreme Court's decision in *Boeing* makes that clear. As here, the district court in *Boeing* awarded an aggregate judgment, which the defendant paid in full. *See* 444 U.S. at 481 n.7. The question was whether the district court's order allocating money from that judgment fund was an immediately appealable final decision. *See id.* The Supreme Court held that, when a district court's post-judgment order disposes of "the only issue in which [the defendant] still had an interest" in the

4

unclaimed portion of a class fund, the defendant can "secure review" of that issue "*only* by appealing from this adverse judgment." *Id.* at 481 n.7 (emphasis added). Because such an order is "a final judgment on the only issue" of remaining interest to the defendant, the defendant can—and must—immediately appeal it. *Id.* at 481 n.7.

*Boeing* is materially indistinguishable from this case, and its holding resolves this appeal. Here, the district court's decision ruling out the possibility of reversion was, as in *Boeing*, "a final judgment on the only issue in which [Dish] still had an interest." *Id.* at 481 n.7. Thus, Dish could have "secur[ed] review" of the district court's reversion decision "only by appealing from this adverse judgment." *Id.* Because it did not do so, Dish has "no cognizable interest in further litigation" over the unclaimed funds. *Id.*

Dish makes only a half-hearted attempt to distinguish *Boeing* (at 23–24) on its facts, arguing that the question there "was how to assess attorney's fees," while here it "is how to dispose of unclaimed funds." That is true, but it makes no difference, and Dish never explains how it could. The reason that the defendant in *Boeing* had "no interest in the amount of attorney fees awarded" was because those fees were "to be paid from the class recovery rather than the defendant's coffers." *Tennille*, 809 F.3d at 559. And the same is true of the district court's cy pres order here—it is to be paid from the aggregate judgment rather than from Dish. In either case, *Boeing*

5

stands for the proposition "that a defendant has no interest in how the class members apportion and distribute a damage fund." *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1258 (11th Cir. 2003). That rule controls here.

For example, the defendant in *In re Urethane Antitrust Litigation* argued—like Dish here—that the district court's distribution of a judgment fund to class members violated the Seventh Amendment. 768 F.3d 1245, 1269 (10th Cir. 2014). The Tenth Circuit rejected the argument and dismissed the appeal, holding that "Dow has no interest in the method of distributing the aggregate damages award among the class members." *Id.*; *see also Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990) ("Where the only question is how to distribute the damages, the interests affected are not the defendant's but rather those of the silent class members."). In the same way, Dish has no interest in the district court's award of cy pres.[1]

---

[1] Dish devotes much of its brief to arguing that the plaintiffs' argument contradicts the position they took in Dish's first post-judgment appeal. But that takes the plaintiffs' argument out of context. True, they argued that the district court's post-judgment orders would not be final before its "final order disposing of unclaimed funds." *See* Motion to Dismiss at 16-21, No. 20-1077, Doc. 40, at 16. But the *reason* the orders were not final, as the plaintiffs explained, was that the court had not yet ruled on Dish's entitlement to reversion of unclaimed funds. In any event, the plaintiffs' view of finality cannot determine this Court's jurisdiction. *See In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010) (holding that this Court's jurisdiction cannot be forfeited or waived).

6

**B.** Dish argues (at 25) that the district court's order denying reversion was a "classic interlocutory" order—and therefore not immediately appealable—because, although it decided that unclaimed judgment funds would not revert to Dish, it "left open the question of how the funds *would* be distributed." The order could not have been a final judgment, Dish concludes, because it did not finally resolve all issues related to the unclaimed funds. *See id.*

That, however, does not distinguish this case from *Boeing*. The order appealed there did not finally conclude the issue of attorneys' fees either. The order did "not fix the amount of attorney's fees" and left their method of calculation "undetermined." *Boeing*, 444 U.S. at 479 n.5. Indeed, the *only* issue the order decided was that the fees—when eventually awarded—would be assessed "against the entire fund." *Id.* at 481 n.7. Nevertheless, the Supreme Court held the order immediately appealable because it "was a final judgment on the only issue in which [the defendant] still had an interest" in the unclaimed portion of a class fund. *Id.*

That conclusion is not, as Dish suggests, inconsistent with the final-judgment rule. Dish argues (at 15–16) that finality requires a single appeal to resolve all issues in the case. But that is the rule for "final judgments *on the merits*." Dish Br. 16 (quoting *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993) (emphasis added)). In contrast, when "post-judgment orders are involved," finality concerns "are less likely to be decisive." *Deloach v. Lorillard Tobacco Co.*, 391 F.3d 551, 559 (4th Cir. 2004). Such orders often

7

"resolve completely the … issues raised and do not present the same risks for piecemeal appeal that prejudgment orders do." *Id.* Indeed, this Court has recognized that, "once the original trial proceedings have been completed, final judgment appeal should be available upon conclusion of *most* post-judgment proceedings." *United States v. Doe*, 962 F.3d 139, 143 (4th Cir. 2020) (emphasis added).

As in *Boeing*, the district court's order denying reversion satisfied the practical requirements of post-judgment finality because it was final decision resolving Dish's last remaining interest in the case. True, "the question of how to distribute unclaimed funds remained open." Dish Br. at 18. But following the district court's order, Dish no longer has any interest in the outcome of that question. Because the order put Dish "out of the case," it "could not possibly have been affected" by any further action by the district court. *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 514–515 (1950); *see also Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 670 (8th Cir. 2008) (holding a post-judgment order appealable when it put the defendant "out of the litigation"). Put another way, the decision ended the post-judgment litigation as to Dish. And *Boeing* teaches that Dish can seek review of that order *only* through an immediate appeal. *See Boeing*, 444 U.S. at 481 n.7. Because Dish did not do so, under controlling Supreme Court precedent, this Court lacks jurisdiction to review the order now.

8

## III. Dish has not challenged the district court's order denying it reversion.

Finally, Dish also lacks an interest in this appeal because it has waived any argument that it is entitled to reversion of unclaimed funds. Dish devotes its brief on appeal to its legal and constitutional challenges to the district court's award of cy pres. But it never challenges the district court's earlier decision that reversion would be an "inappropriate" alternative. Dkt. 588 at 1. Thus, even if Dish were to prevail in its arguments against cy pres, Dish would stand to gain nothing.

Dish claims (at 2) that it did challenge the reversion order, pointing to a summary request in its brief that unclaimed funds "be returned" to it. But Dish made no argument in support of that request. "[E]ven if [its] brief takes a passing shot at the issue," Dish still waived it by "fail[ing] to develop [its] argument." *Brown v. Nucor Corp.*, 785 F.3d 895, 923 (4th Cir. 2015). Its mere assertion, "without argument or explanation," that it is entitled to unclaimed funds is not enough to preserve the issue. *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

The district court gave several reasons for rejecting reversion, each carefully supported by authority. *See* Dkt. 590. First, the court noted that "[m]oney not claimed by class members should be used for the class's benefit to the extent that is feasible"—a goal not served by reversion. *Id.* Second, it recognized that reversion is inappropriate where, as here, deterrence is a statutory goal. *Id.* Third, it concluded that reversion would be particularly inappropriate here because "Dish willfully

9

violated the statute." *Id.* And fourth, it cited "Dish's obstructive conduct after judgment" as an additional reason to deny reversion. Dkt. 590 at 10. In neither Dish's opening brief nor its response to the motion to dismiss does Dish even acknowledge, much less challenge, the district court's reasoning. Nor does it ever dispute the court's conclusion that other alternatives, like federal escheat, would be superior to reversion. *See id.*

Dish's only response (at 14) is that, if the district court's award of cy pres was improper, then "reverter was the *only* possible method of distribution." That assertion, however, is just as unsupported as the one in its brief. It is also plainly wrong. In the order that Dish appeals here, the district court decided "between cy pres" and "escheat to the federal government"—neither of which would have benefitted Dish. Dkt. 620 at 3. The court did not even consider reversion as an alternative. Thus, even if this Court were to agree with Dish and reverse the district court's choice of a cy pres distribution, the alternative would be federal escheat—not reversion to Dish. For this reason, too, Dish has no cognizable interest in this appeal.

## CONCLUSION

The Court should dismiss this appeal for lack of jurisdiction.

Respectfully submitted,

*/s/Deepak Gupta*
DEEPAK GUPTA

10

|  |  |
|---|---|
|  | GREGORY A. BECK<br>GUPTA WESSLER PLLC<br>2001 K Street NW, Suite 850 North<br>Washington, DC 20006<br>(202) 888-1741<br>*deepak@guptawessler.com* |
|  | JOHN W. BARRETT<br>BRIAN A. GLASSER<br>BAILEY & GLASSER LLP<br>209 Capitol Street<br>Charleston, WV 25301<br>(303) 346-6555 |
| November 29, 2021 | *jbarrett@baileyglasser.com* |

11

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,597 words. This motion complies with the typeface and typestyle requirements of Rule 27(d)(1)(E) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Baskerville font.

November 29, 2021                                            */s/Deepak Gupta*
                                                             Deepak Gupta

**CERTIFICATE OF SERVICE**

I certify that on November 29, 2021, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/*Deepak Gupta*
Deepak Gupta